IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARTHA WELLMAN and
CHARLES WELLMAN,

      Plaintiffs,

v.             CIVIL ACTION NO. 3:10-0147

BOBCAT OIL & GAS, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending is Defendant Bobcat Oil & Gas Inc.'s Motion to Dismiss (Doc. 8). Through this motion, Defendant challenges the sufficiency of Plaintiffs' pleading on Counts II – Breach of Fiduciary Duty – and III – Fraud – as alleged in the complaint. For the reasons explained below, the Court **GRANTS** Defendant's motion. Because the relationship between the parties was not of a fiduciary nature under West Virginia law, the claim for breach of fiduciary duty must be dismissed. The Court also **FINDS** that Plaintiffs have not set forth a claim of fraud with sufficient particularity under the relevant pleading standards. Plaintiffs, however, shall be permitted to amend their complaint in order to rectify the defects identified by Defendant and this Court.

**Background**

  Plaintiffs, as the current owners of a mineral estate located near Gragston Creek in Wayne County, West Virginia, filed this action against the current lessee of that estate, Bobcat Oil & Gas. They allege that Defendant failed to pay them the necessary royalties from the sale of gas from wells

on the lease. The complaint states five causes of action: Count I, breach of contract; Count II, breach of fiduciary duties; Count III, fraud; Count IV, declaratory judgment that the lease is null and void; Count V, trespass.

Defendant filed the instant motion to dismiss challenging Plaintiffs' claims under Counts II and III. Defendant argues that it never owed Plaintiff's a fiduciary duty and, therefore, could not be in violation of that duty. In seeking to dismiss Count III Defendant's argue that fraud has not been pled with sufficient specificity, as required under the relevant pleading standards.

### Standard of Review

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 129 S. Ct. at 1949 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 1950. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

**Analysis**

Defendant's motion seeks dismissal of two counts of Plaintiffs' complaint – Counts II and III. As explained below, the Court agrees with Defendant that Plaintiffs' claim for breach of fiduciary duty must be dismissed because no such duty exists between the parties. Additionally, Plaintiffs have failed to plead their claim of fraud with sufficient particularity. That claim must also be dismissed.[1] Plaintiffs, however, shall be given the opportunity to amend their complaint.

**I.    The Defendant Did Not Owe the Plaintiffs a Fiduciary Duty**

The parties agree that the West Virginia Supreme Court has never recognized a fiduciary duty between operator/lessee of a gas well and the royalty owner. Plaintiffs argue, however, that the West Virginia Supreme Court, and West Virginia Code do recognize certain obligations, which together sound as a fiduciary duty: 1) that a lease can be terminated by non-production; 2) that the West Virginia Code requires royalties be paid in relation to the volume of gas produced; and 3) that the lessee/operator is required to account for the gas produced from the mineral estate and the manner in which it calculates the royalty owed. Plaintiff's further argue that one state, Oklahoma, has explicitly recognized a fiduciary duty between and oil and gas operator and lessor of mineral rights.

In defining a fiduciary duty, the West Virginia Supreme Court has looked to well known secondary sources. According to one description, "where one man assumes to act as agent for

---

[1] The Court likewise agrees with Defendant that it has not waived its right to seek dismissal of these claims. According to Rule 12(b) of the Federal Rules of Civil Procedure, "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or motion." While Defendant did file an answer before the instant motion to dismiss, all defenses raised in the motion to dismiss were asserted in that answer.

another and the other reposes confidence in him, a fiduciary relations arises, although there is no written contract or no contract at all." *Elmore v. State Farm Mutual Insurance Co.*, 504 S.E.2d 893, 898 (W. Va. 1998) (quoting *Scott on Trusts,* 4th Ed. § 499). Black's Law Dictionary defines fiduciary duty as "[a] duty to act for someone else's benefit, while subordinating one persons interest to that of the other person. It is the highest standard of duty implied by law[.] *Id.* (quoting *Blacks Law Dictionary* 625 (6th ed. 1990). The West Virginia court also has favorably cited U.S. Supreme Court Justice Cardozo, stating that "[n]o one has captured the essence of the fiduciary obligation more eloquently than Justice Cardozo when he wrote:"

> Many forms of conduct permissible in a workaday world for those acting at arm's length are forbidden for those with fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive is the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the "disintegrating erosion"of particular exceptions . . . Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd[.]

*Id.* (quoting *Meinhard v. Salmon*, 164 N.E. 545, 546 (N.Y. 1928)); *accord Kanawha Valley Bank v. Friend*, 253 S.E.2d 528, 530 n. 2 (W. Va. 1979); *see also, Keesecker v. Bird*, 490 S.E.2d 754, 766, n. 12 (W. Va. 1997). It is clear from each of these descriptions, and especially when they are considered together, that under West Virginia common law, the fiduciary obligation is considered an uncommon and extraordinarily strict duty, imposed upon one who has agreed to support another's interest above his own.

West Virginia case-law may support the argument that special or extra-contractual duties exist between an operator of a gas well and the lessor of mineral rights. The state supreme court has recognized "the continuing affirmative duty of the [oil and gas] lessee [under a lease of the type at issue] to produce and market minerals to keep the lease in effect." *Bryan v. Big Two Mile Gas Co.* 577 S.E.2d 258, 266 (W. Va. 2001); *see also, Wellman v. Energy Resources Inc.*, 557 S.E.2d 254, 265 (W. Va. 2001) ("West Virginia holds that a lessee impliedly covenants that he will market oil or gas produced.") (citing Robert Tucker Donley, *The Law of Coal, Oil and Gas in West Virginia and Virginia* §§ 70 & 104 (1951)). The court has also held that costs of production and marketing should be born by the lessee and in order to gain credit for those costs the lessee must provide an accounting. *Wellman*, 557 S.E.2d at 265. Statutory duties may exist as well. *See* W. Va. Code § 22-6-8.

The potential existence of special or extra-contractual duties, however, does not create or imply a fiduciary relationship between lessor and lessee of mineral rights. In fact, the West Virginia Supreme Court defined the duty owed by a lessee to lessor long ago – the duty owed is not equivalent to the high standard imposed upon fiduciaries. As described by the Court nearly one hundred years ago,

> "Where the object of the operations contemplated by an oil and gas lease is to obtain a benefit or profit for both lessor and lessee. . . both are bound by the standard of what, in the circumstances, would be reasonably expected of operators of ordinary prudence, having regard to the interests of both.

*Grass v. Big Creek Development Co,.* 84 S.E. 750 (W. Va. 1915). This standard of ordinary prudence remains effective today. There being no fiduciary relationship between the parties the

-6-

Court must **GRANT** Defendant's motion insofar as it seeks to dismiss Count II of Plaintiff's complaint.

## II.     Plaintiff's Have Not Pled Their Case For Fraud With Sufficient Particularity

A claim of fraud carries special pleading requirements. *See* Fed. R. Civ. P. 9(b). Under the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* As described by the Fourth Circuit Court of Appeals, the rule satisfies four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . . Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Harrison v. Westinghouse Savannah River Company*, 176 F.3d 776, 784 (4th Cir. 1999) (internal citations omitted). Generally, for the requirements of particularity to be met the complaint must contain "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297 at 590).

Plaintiffs' complaint simply cannot be read to satisfy the heightened pleading standards required by Rule 9(b). Plaintiffs rely on five allegations within the complaint to satisfy these requirements: first, that "Bobcat concealed, suppressed and omitted material facts with the intent that plaintiffs would rely upon the same in connection with plaintiffs' requests for information . .

." second, that Plaintiffs relied upon Bobcat to accurately carry out is responsibilities toward them; third that Plaintiffs were deprived of royalty payments "for many years;" fourth, that the conduct of Bobcat was willful, wanton, and intentional; and, finally, that Bobcat intentionally and knowingly concealed the fact that it was extracting gas from the mineral estate. From these allegations, however, only a few very general facts are presented. It is not explained, for example, whether the only fact Bobcat allegedly concealed was that it was producing gas or whether there were misrepresentations made in response to Plaintiffs' inquiries. It is not claimed whether Plaintiffs made inquiries. It is not stated over what time period this concealment and/or these misrepresentations occurred. It is not alleged what individual was responsible for these fraudulent acts. Finally, and most glaringly, the complaint does not even indicate at what point Plaintiffs took over the mineral rights at issue and at what point Bobcat took over as lessee. (In identifying the lease at issue the complaint merely provides that "On or about May 17, 1933 Ida May Dean entered into a lease . . . with the Chartiers Oil Company relative to [] certain mineral lands situated upon the waters of Gragston Creek, Butler District, Wayne County, West Virginia."). These generalized allegations are insufficient to meet the requisite pleading standards. The Court must **GRANT** Defendant's motion insofar as it seeks to dismiss Count III.

### III.  Plaintiffs Shall Be Permitted to Amend Their Complaint

Plaintiffs request that if the motion to dismiss is granted that they be permitted to amend their complaint. Fed. R. Civ. P. 15(a) permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party" but specifies that "leave shall be freely given when justice so requires." "Under Rule 15(a) leave to amend shall be

given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *U.S. v. Pittman*, 209 F.3d 314 (4th Cir. 2000). As there is no indication of bad faith or futility and at this stage of the proceedings little risk of undue prejudice, the Court **GRANTS** Plaintiffs request to amend. Plaintiffs are therefore, **ORDERED** to file an amended complaint, if at all, not later than **14 days** from the receipt of this Order.

## Conclusion

For the reasons explained above, Defendant Bobcat Oil & Gas Inc.'s Motion to Dismiss (Doc. 8) is **GRANTED**. Plaintiffs, however, shall be have leave to amend within **14 days** if they so choose. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 8, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE