IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARTHA WELLMAN and**
**CHARLES WELLMAN,**

      **Plaintiffs,**

v.                                         Case No.: 3:10-cv-00147

**BOBCAT OIL & GAS, INC.**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion for Reasonable Fees associated with their Motion to Compel a Rule 30(b)(6) Witness (Docket No. 114) and Motion for Sanctions and Costs (Docket No. 126). The issues have been fully briefed by the parties. For the reasons that follow, the Court **GRANTS** the Motions as set forth herein.

### Motion for Reasonable Fees

Plaintiffs seek reimbursement of attorneys' fees incurred in their effort to obtain the deposition of a knowledgeable Rule 30(b)(6) corporate representative. According to Plaintiffs, a valid Notice of Rule 30(b)(6) Deposition was served on the defendant. The Notice set forth, in detail, the anticipated areas of inquiry. In response to the Notice, defendant designated Mr. Gary Tuck as the corporate representative to testify regarding all matters for examination.

Mr. Tuck's deposition began on March 1, 2011. During the deposition, Mr. Tuck was unable to testify regarding certain matters for which he had been identified as the corporate representative. Accordingly, the deposition was suspended and reconvened

two weeks later to allow Mr. Tuck additional time to obtain the information reasonably known to the corporation and to supplement his prior answers. Plaintiffs contend that notwithstanding the additional time, Mr. Tuck was no better prepared "to provide meaningful answers on behalf of Bobcat than he had been two weeks prior." (Docket No. 114 at 2). As a result, Plaintiffs were forced to file a Motion to Compel and engage in taking an additional deposition.

Defendant responds that Plaintiffs are not entitled to reimbursement of fees, because Defendant never refused to produce another Rule 30(b)(6) representative. (Docket 167 at 1). Defendant asserts that Mr. Tuck appeared twice for deposition and "testified in good faith" and "[t]o the extent Gary Tuck was not familiar with the specific answers for certain questions, he identified Mary Young as the representative who could answer said questions." (*Id.* at 6).

While the Court recognizes that Defendant's recently retained counsel has made an effort to resolve the outstanding discovery issues in this case, the Court cannot ignore Defendant's failure to properly comply with Fed. R. Civ. P. 30(b)(6), which requires a corporate defendant to supply a person or persons to testify "about information known or reasonably available to the organization." Federal law is well-settled that service of a Rule 30(b)(6) deposition notice triggers a duty of the corporate defendant to prepare the designated witness or witnesses "so that they may give knowledgeable and binding answers for the corporation. . . . Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *United States v. J.M. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996), citing *Buycks-Roberson v. Citibank Federal Sav. Bank,* 162 F.R.D. 338, 343 (N.D.Ill. 1995)*; S.E.C. v. Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y. 1992)*.* (internal

citations omitted). The designee similarly must be prepared to testify about the entity's "subjective beliefs and opinions," as well as its "interpretation of documents and events." *Id.* at 361. Accordingly, "Rule 30(b)(6) explicitly requires [the entity] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to [the entity] in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before deposition but a thorough and vigorous one before the trial." *Id.* at 362. The failure to offer a fully prepared witness is tantamount to a failure to appear under Fed. R. Civ. P. 37(d), creating grounds for the sanctions delineated in Fed. R. Civ. P. 37(d)(3). *Id.* at 363. Defendant did not object to any of the areas of examination delineated by Plaintiffs in the Notice of Deposition and designated Mr. Tuck as the sole corporate representative. As such, he should have been fully prepared to testify regarding any information known or reasonably available *to the corporation* responsive to the subject matter of inquiry.

Having reviewed the deposition transcripts of Mr. Tuck, the Court observes that Mr. Tuck was not reasonably prepared to respond to questions in several of the subject areas identified in the Notice of Deposition. Of particular concern to the Court, even after a two-week break, Mr. Tuck remained unprepared to provide complete answers to questions that should have been anticipated by Defendant; for example, questions seeking the meaning of or support for certain documents produced by Defendant in the litigation. For these reasons, the Court finds that Plaintiffs are entitled to reimbursement of at least a portion of the fees they incurred in obtaining binding

corporate testimony. Taking into consideration that Mr. Tuck was able to answer a significant portion of the questions posed by Plaintiffs and further noting that had the Defendant properly designated corporate witnesses at the outset, Ms. Mary Young likely would have identified and deposed by Plaintiffs, the Court believes that a reduction of the requested fees is appropriate.

### **Motion for Sanctions**

Plaintiffs seek sanctions and costs "as a result of defense counsel unilaterally directing a third party witness not to appear at a properly noticed deposition for which the third party witness had been served with a valid subpoena." (Docket No. 126 at 1). According to Plaintiffs, on April 30, 2011, they arranged for and effected service of a subpoena upon Ms. Mary Young, which compelled her attendance at a deposition scheduled on May 6, 2011. Ms. Young had been identified during discovery as a person who "helped out" at Defendant's office and was knowledgeable of the Defendant's business. A few days later, on May 2, 2011, Defendant filed a Notice of Appearance documenting a change in defense counsel. Defendant's new counsel immediately sought a postponement of Ms. Young's deposition. Plaintiffs indicated a willingness to accommodate Defendant's counsel and agree upon a later date for the deposition of Ms. Young. However, Plaintiffs made it clear that their agreement to release Ms. Young from her subpoena and proceed with the deposition on another date was contingent upon written confirmation from Ms. Young that she would consent to appear on the alternate date without the need for personal service of a second subpoena to compel her presence.

Counsel for the parties agree that over the next few days they exchanged telephone calls, letters, and email communications regarding the proposed rescheduling

of Ms. Young's deposition. Counsel concur that early afternoon on May 5, 2011, they selected May 27, 2011 as the alternate date for the deposition and were waiting only for confirmation from Ms. Young that she would accept service of an amended subpoena by fax. Counsel disagree as to what occurred thereafter. Plaintiffs' counsel contends that he waited throughout the remainder of the afternoon and evening for confirmation from Ms. Young, which never arrived. Accordingly, he was compelled to proceed with the deposition as originally scheduled and set out early the next morning to make the three hour drive to the prearranged location of the 10:00 a.m. deposition.

Conversely, Defendant's counsel asserts that she notified Plaintiffs' counsel by telephone later in the afternoon on May 5, 2011 that Ms. Young had agreed to accept service by fax and that written confirmation of that agreement from Ms. Young was forthcoming. Defense counsel further states that she advised Plaintiffs' counsel that she and her co-counsel were going to be out of the office for the remainder of the afternoon. Defendant's counsel left that day believing the deposition was canceled.

The parties presumably agree that the written confirmation from Ms. Young arrived at the office of Defendant's counsel "sometime after" 5:00 p.m. on May 5, but was not forwarded to Plaintiffs' counsel until after 10:00 a.m. the following morning. By that time, Plaintiffs' counsel, not having received the written confirmation as promised, was present at the deposition location and was waiting for the witness. When neither the witness, nor defense counsel appeared, Plaintiffs' counsel contacted Defendant's counsel and was advised that she believed they had reached an agreement to postpone the deposition. Subsequently, Ms. Young testified that she did not appear at the deposition on May 6, 2011, because she had been told by Defendant's counsel that the deposition was cancelled.

From a review of the letters and email communications exchanged between counsel, the Court concludes the following:

1. Plaintiffs' counsel clearly refused to cancel the May 6 deposition of Ms. Young and release her from the previously served subpoena unless some form of written assurance was given that Ms. Young would voluntarily appear on the negotiated date of May 27, 2011 without need for personal service of a second subpoena. Plaintiffs' counsel requested that Defendant obtain the written assurance from Ms. Young, or in the alternative, allow Plaintiffs' counsel to work directly with the witness;

2. Defendant's counsel chose to "negotiate" between Ms. Young and Plaintiffs' counsel because Ms. Young did not authorize Defendant's counsel to accept service on her behalf and did not wish to speak directly to Plaintiffs' counsel;

3. Defendant's counsel acknowledges in a subsequent letter that the ultimate agreement between counsel "was that [Ms. Young] would fax [to Defendant's counsel] a letter in which she would permit [Plaintiffs' counsel] to serve her with a subpoena via fax." (Docket No. 126-2). That letter was to be transmitted to Plaintiffs' counsel upon receipt.

4. Plaintiffs' counsel did not receive the aforestated letter until forty-five minutes after the May 6 deposition was scheduled to begin. By that time, he had already driven several hours to attend the deposition and was waiting for the witness to appear; and

5. At the direction of Defendant's counsel, Ms. Young did not appear at the deposition despite having been served with a valid subpoena commanding her presence.

Although the Court appreciates that Defendant's counsel believed the matter was resolved, it clearly had not been resolved to the satisfaction of Plaintiffs' counsel. Inasmuch as the continuance of the deposition was at the request of Defendant's

counsel, the obligation rested with Defendant's counsel to ensure that all contingencies had been fulfilled before advising the witness that she did not need to appear for her testimony. For this reason, the Court concludes that an award of sanctions in the form of reimbursement of reasonable attorney's fees is warranted; however, the Court finds that a reduction of the requested fees is justified under the circumstances.

### **Calculation of Fees and Sanction**

Having concluded that an award of attorney's fees is appropriate in this case, the Court next turns to the task of calculating the award. First, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009), citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The lodestar figure may then be adjusted further based upon other considerations within the sound discretion of the court. *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984). In deciding what is reasonable, the Court must weigh twelve factors, which are set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) and include the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Information Services, LLC, supra* at 243-244. From these factors, the Court selects those that are applicable and most persuasive in determining

reasonableness under the circumstances of the case. *See Beyond Systems, Inc. v. World Avenue, LLC,* 2011 WL 3419565 *3 (D.Md.). In the instant action, the Court finds factors one, five, nine, and twelve to be most useful in calculating a reasonable award.

Beginning with the hourly rate, the Court notes that Plaintiff's counsel has been admitted as a member of the West Virginia bar since 1998 and his skill, experience, and reputation is comparable to that of other lawyers specializing in general civil litigation. Therefore, a reasonable hourly rate would be one consistent with the market rate of a general civil litigator practicing within the Southern District of West Virginia. *See Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). The duty to provide evidence of the prevailing hourly rate rests with the party seeking an award of fees. *Id.* Here, Plaintiffs submit an affidavit signed by Mr. Charles M. Hatcher, Jr., an attorney with a longstanding civil and criminal practice in the community, who opines that $210 per hour is a reasonable rate for legal services of the type rendered by Plaintiffs' counsel. In response, Defendant argues that any award of fees would be unjust, but does not explicitly contest the requested hourly rate.

The Court also looks to other recent fee awards granted in the Southern District of West Virginia for additional guidance in establishing the prevailing market rate and for evidence of attorneys' fee awards in similar situations. In March 2010, Magistrate Judge R. Clarke Vandervort found an hourly rate of $225 to be reasonable in an action brought under the United Services Employment and Reemployment Rights Act of 1994 ("USERRA") after considering the affidavits of two local attorneys, who stated that the hourly rate typically charged by attorneys in this type of litigation ranged between $200 and $300.[1] In June 2010, District Judge Robert C. Chambers found hourly rates of

---

[1] *Mills v. East Gulf Coal Preparation Company, LLC,* 2010 WL 1050359 (S.D.W.Va.).

$350, $275, and $175 to be reasonable in a predatory lending case, in part due to the specialized experience of the attorneys and in part due to prior fee awards in similar cases involving the same attorneys.[2] In January 2011, District Judge John T. Copenhaver approved, as reasonable, hourly rates of $350, $335, and $215 in an environmental protection action, commenting on the specialized experience of the attorneys and the expertise required by the nature of the case.[3] In February 2011, District Judge Chambers determined that an hourly rate of $225 was appropriate in an ERISA action.[4] Finally, in March 2011, Chief District Judge Joseph R. Goodwin accepted the hourly rates of $190 and $175 requested by the attorneys of the prevailing party, based upon the affidavits of three local attorneys uninvolved in the litigation, who commented on the prevailing market rate, as well as recent awards in comparable cases.[5] Considering these awards; the affidavit; counsel's level of skill and experience; and the lack of objection to the proposed hourly rate by the Defendant, the Court finds the requested hourly rate of $210 is within a reasonable range for a general civil litigator practicing in this District.

Having determined the reasonable hourly rate, the Court next considers the amount of hours that are reasonable under the circumstances. Plaintiffs provide detailed accountings of the hours spent by counsel on each Motion seeking an award of fees. In regard to the Motion seeking fees related to the Rule 30(b)(6) witness (Docket No. 160-21), Plaintiffs request reimbursement of fees incurred to prepare for the deposition of

---

[2] *Watkins v. Wells Fargo Home Mortgage,* 2010 WL 2486247 (S.D.W.Va.)

[3] *West Virginia Highlands Conservancy, Inc. et al. v. Huffman,* 2011 WL 90163 (S.D.W.Va.)

[4] *Frye v. Metropolitan Life Insurance Company,* 2011 WL 466686 (S.D.W.Va.)

[5] *Stalnaker v. Fidelity and Deposit Company of Maryland,* 2011 WL 1113407 (S.D.W.Va.)

Mr. Tuck and review supplemental interrogatory answers in addition to fees for preparation of the Motion. Although Mr. Tuck did not have answers to all of the questions posed, when taking both depositions in consideration, he did respond to a majority of them. Consequently, Plaintiffs are not entitled to recover fees for deposition preparation. Likewise, Plaintiffs are not entitled to reimbursement of fees incurred in reviewing discovery as that review would have been necessary regardless of whether a knowledgeable witness was produced. Finally, the Court is disinclined in this particular case to award fees for the routine review of orders and other documents and for attending the hearing on the pending motions. The discovery phase of this civil action has been unnecessarily contentious and each party bears some responsibility for the repeated visits to the Court. Accordingly, the Court finds that a reasonable number of hours incurred in the pursuit of a knowledgeable 30(b)(6) witness is 13.9; multiplied by the hourly rate of $210, the total fee award is $2919.00.

In regard to the Motion for Sanctions related to the nonappearance of Ms. Young (*See* Docket No. 160-22), the Court believes that the preparation charges should be discounted by 75% inasmuch as Ms. Young ultimately was deposed; accordingly, preparation would have been required in the normal course of the litigation. However, because a certain amount of duplicate preparation was certainly required due to the delay in the deposition, Plaintiffs are entitled to recoup a portion of the fees incurred in preparation. The Court will not consider fees incurred in the writing of letters to adverse counsel, as the content of the letters was largely subsumed in the Motion for Sanctions. The Court also rejects duplicate charges by two attorneys; review of orders and other documents; and fees incurred for participating in the hearing. Accordingly, the Court finds a reasonable number of hours spent in attending the thwarted

deposition of May Young and filing the Motion for Sanctions is 13.7; multiplied by the hourly rate of $210, the total sanction is $2,877.

Therefore, it is hereby **ORDERED** that Plaintiffs (or their counsel, as may be appropriate under the circumstances) may recover from Defendant (or its counsel, as may be appropriate under the circumstances) reasonable expenses and sanctions pursuant to Fed. R. Civ. P. 37 in the total amount of Five Thousand Seven Hundred Ninety Six Dollars and No Cents **($5,796.00)** to be paid within thirty (30) day of the date of this Order.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** August 24, 2011.

_____
Cheryl A. Eifert
United States Magistrate Judge